HERGET, Judge
(dissenting).
On our initial consideration of the issues involved in the resolution of this case I was of the opinion Mr. Smith, without question, having extended his hand signaling a left turn some 300 yards prior to executing the turn, in consequence of which this unfortunate collision occurred, had complied with all the requirements of the law permitting him to make such turn and, accordingly, believed he was under no additional obligation or duty to observe whether overtaking traffic was aware of his intention, being satisfied that having given evidence of his intention to turn the burden was thereby shifted to the driver of the overtaking vehicle to abide by such admonition and refrain from attempting to pass. However, following our discussion I became convinced the law requires the operator of the forward vehicle to: (1) make a signal of his intention to make a left turn, and (2) ascertain that at the time such left turn is executed no vehicle is following or approaching whose progress would be impeded or unnecessarily delayed by the maneuver. Accordingly, I am of the opinion Mr. Smith, in executing a left turn following his initial signaling of such intention at a point some 300 yards distant from-the point where in actuality he made the turn, complied only in part with the obligations placed on him and his failure to make observation his turn could be made in safety and without impeding the progress of overtaking traffic at the time of his turn establishes his negligence, same being a proximate cause of the accident which ensued when the vehicle driven by Mrs. William C. Peak collided with that of Mr. Smith.
LSA-R.S. 32:233 provides in part:
“A. The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.
“B. The driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction.
“C. The driver of a vehicle shall not drive to the left side of the center line of the highway in overtaking and passing another vehicle traveling in the same direction, unless such left side is clearly visible and free from oncoming-traffic for a sufficient distance ahead to permit such overtaking and passing to be made in perfect safety. Whenever an accident occurs under such circumstances, the responsibility therefor shall rest prima facie upon the driver of the vehicle doing the overtaking or passing.”
*337 Without question the driver of the overtaking vehicle is burdened with the duty and obligation, upon the signaling of the driver of the forward vehicle of his intention to make a left turn, not to pass unless same can be done after due audible notice given by the overtaking vehicle and received by the driver of the forward vehicle of such intention. I believe under the evidence offered, Mr. Smith, the driver of the forward vehicle, extended his hand for a distance of some 300 yards prior to making the left turn and reduced the speed of the vehicle he was driving to some 12-15 miles an hour, which actions, in my opinion, were certainly sufficient to warn the driver of the overtaking vehicle, so that even though he had the right of way the driver of said automobile was not thereby accorded the right to pass. I therefore am of the opinion the operators of the forward and overtaking vehicles in this instance contributed to the proximate causation of this accident.
Home Indemnity Company, made defendant in a direct action in which its assured Mr. William C. Peak was dismissed as defendant, through learned counsel by third party petition averred in the event its assured’s wife Mrs. William C. Peak were guilty of any negligence in the operation of her car in attempting to pass the Smith vehicle in which Plaintiff was a guest passenger, in consequence of which both said parties were guilty of negligent acts proximately causing the accident, third party plaintiff Home Indemnity Company was entitled to judgment in its favor against Mr. Smith inasmuch as his actions were a direct causation and proximate cause of the accident. I am of the view in this respect counsel for Home Indemnity Company is eminently correct.
Accordingly, I am of the opinion there should be judgment herein in favor of Mrs. Charles O. Wesley in the sum of $4,000 and in favor of Charles O. Wesley in the sum of $411.14 for special damages and against Home Indemnity Company and fixing the expert medical witness fees at $50 each and taxing same as costs; and, further, there should be judgment in favor of Home Indemnity Company, third party plaintiff, and against George P. Smith, third party defendant, for one-half of said award.